UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| JACK DALE GOOD, JR.,<br><br>　　　　　Plaintiff,<br><br>　vs.<br><br>SUGAR CREEK PACKING CO.;<br>MICHAEL JOHN; NORBERT<br>MUEHLICH; and WEBER, INC.,<br><br>　　　　　Defendants. | CIV. 17-5064-JLV<br><br>ORDER |

**BACKGROUND**

Plaintiff Jack Dale Good, Jr., filed this action against defendants Sugar Creek Packing Co. ("Sugar Creek"), Michael John, Norbert Muehlich and Weber, Inc ("Weber"). (Docket 1). Plaintiff advances a negligence claim. Id. He seeks to hold defendants liable for injuries he suffered as a result of the collision of his motorcycle and a car driven by Mr. John at an intersection in Lawrence County, South Dakota. Id. at p. 2.

Plaintiff states Mr. John is a Sugar Creek employee who drove a vehicle that Weber owned, and Mr. Muehlich, Weber's president, permitted Mr. John to operate the vehicle. Id. at pp. 2-3. Although plaintiff does not state what business Weber engages in, he asserts Sugar Creek and Weber collaborate in business through "Sugar Creek buy[ing] equipment from and test[ing] prototypes for Weber." Id. The collision occurred around the time of a company event Sugar Creek sponsored where it provided food and lodging for

its employees in Lawrence County, South Dakota.  Id.  Mr. John and Mr. Muehlich attended the company event.[1]  Id.

## DISCUSSION

The court has jurisdiction because the parties are diverse and the amount in controversy exceeds $75,000.  See 28 U.S.C. § 1332; (Docket 1 at p. 1).  "It is, of course, well-settled that in a suit based on diversity of citizenship jurisdiction the federal courts apply federal law as to matters of procedure but the substantive law of the relevant state."  In re Baycol Prods. Litig., 616 F.3d 778, 785 (8th Cir. 2010) (internal quotation marks omitted).

All parties filed motions to dismiss this case.  (Dockets 14 & 20).  Defendants collectively filed a motion claiming plaintiff's complaint is time-barred.  (Docket 14).  Less than one month later, plaintiff filed a motion to voluntarily dismiss his complaint without prejudice.  (Docket 20).  Each side resists the other's motion.  (Dockets 25 & 29).  Separate from each motion's substance, the parties dispute which motion the court should resolve first.

### I. Cross-motions

Defendants argue plaintiff failed to comply with the applicable statute of limitations.  (Dockets 14 & 15).  South Dakota law subjects plaintiff's negligence claim to a three-year statute of limitations.  See SDCL § 15-2-14(3).  Although defendants' motion to dismiss does not cite a Federal Rule of Civil Procedure as the basis for dismissal, Rule 12(b)(6) applies to defendants' motion.  "A court may dismiss a complaint under Federal Rule of Civil

---

[1]This background statement of facts draws from plaintiff's complaint only.

Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred." In re Pre-Filled Propane Tank Antitrust Litig., 860 F.3d 1059, 1063 (8th Cir. 2017) (en banc), cert. denied sub nom. Ferrellgas Partners, L.P. v. Morgan-Larson, LLC, No. 17-441, 2018 WL 311347 (U.S. Jan. 8, 2018) (internal quotation marks omitted). "In addressing a motion to dismiss, the court may consider the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Roe v. Nebraska, 861 F.3d 785, 788 (8th Cir. 2017) (internal quotation marks and alterations omitted).

Plaintiff pursues voluntary dismissal based on Rule 41(a)(2). (Dockets 20 & 21). That Rule provides, "an action may be dismissed at the plaintiff's request only by court order, on terms that the court considers proper." Fed. R. Civ. P. 41(a)(2). "When deciding whether to grant a motion for voluntary dismissal, the 'district court should consider . . . whether the party has presented a proper explanation for its desire to dismiss; whether a dismissal would result in a waste of judicial time and effort; and whether a dismissal will prejudice the defendants.' A plaintiff cannot use a motion to voluntarily dismiss to seek a more favorable forum." Blaes v. Johnson & Johnson, 858 F.3d 508, 512 (8th Cir. 2017) (quoting Donner v. Alcoa, Inc., 709 F.3d 694, 697 (8th Cir. 2013)) (internal citations and quotation marks omitted). If the court grants plaintiff's motion, he intends to file suit in Oklahoma, where he is a resident. (Docket 21 at p. 4).

Defendants' and plaintiff's motions hinge on the same issue: whether the statute of limitations bars plaintiff's claim. That is the entirety of defendants' motion. See Dockets 14 & 15. It is also critical to plaintiff's motion for voluntary dismissal because "[v]oluntary dismissal under Rule 41(a)(2) should not be granted if a party will be prejudiced by the dismissal, and there is clear legal prejudice where a Rule 41(a)(2) dismissal is granted in the face of a valid statute of limitations defense[.]" Metro. Fed. Bank of Iowa, F.S.B. v. W.R. Grace & Co., 999 F.2d 1257, 1262 (8th Cir. 1993). If defendants are correct on the statute of limitations issue, the court must grant their motion and deny plaintiff's motion to dismiss. If defendants lose their statute of limitations argument, their motion must be denied and plaintiff's argument regarding a lack of prejudice is strengthened.

Plaintiff invites the court to adopt a particular understanding of the holding in W.R. Grace. See id. In that case, the United States Court of Appeals for the Eighth Circuit stated: "We would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the non-moving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed." Id. at 1263. According to plaintiff, W.R. Grace stands for the proposition that "the statute of limitations defense must be a complete defense as to all jurisdictions in which a plaintiff may bring an action." (Docket 30 at p. 4) (emphasis omitted). This interpretation stretches W.R. Grace beyond its holding. The Eighth Circuit specified that legal prejudice arises "where the nonmoving party has

4

demonstrated a valid statute of limitations defense *to the claims sought to be dismissed.*" W.R. Grace, 999 F.2d at 1263 (emphasis added). The claims defendants seek to dismiss are those plaintiff advances in this court—not potential claims in Oklahoma or any other court down the line. The court has access to far fewer facts of this case than the parties. It would not be possible for the court to consider and determine whether defendants' statute of limitations defense holds up in all possible jurisdictions. Understanding W.R. Grace this way is consistent with other United States District Courts in the Eighth Circuit. See United States v. $32,820.56 in U.S. Currency, 106 F. Supp. 3d 990, 997 (N.D. Iowa 2015) ("The Eighth Circuit has found legal prejudice, for purposes of considering a motion to dismiss without prejudice, when dismissal would cause the loss of a material advantage the resisting party would enjoy only if the pending action were to continue.") (citing W.R. Grace); In re Prempro Products Liab. Litig., No. MDL 403CV01507, 2008 WL 5274338, at *1 (E.D. Ark. Dec. 18, 2008) ("Here, permitting Plaintiff to voluntarily dismiss this case to avoid a valid statute of limitations defense while pursuing identical claims against the same Defendants in another federal court, with a possibly longer statute of limitations, would prejudice Defendants.").

Because the statute of limitations is the critical issue in this case, and it is dispositive in relation to defendants' motion, the court turns to that motion first.

**II. Defendants' motion**

    **a. Statute of limitations**

As noted above, the court analyzes defendants' motion to dismiss as a Rule 12(b)(6) motion. See In re Pre-Filled Propane, 860 F.3d at 1063 ("A court may dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) as barred by a statute of limitations if the complaint itself shows that the claim is time-barred."). "Statutes of limitations are substantive laws and thus in diversity actions are controlled by state law." Paracelsus Healthcare Corp. v. Philips Med. Sys., Nederland, B.V., 384 F.3d 492, 495 (8th Cir. 2004). State law also controls "service requirements[.]" Wells v. Reynen, No. CIV 08-4136, 2009 WL 1973549, at *9 (D.S.D. July 8, 2009) (citing Walker v. Armco Steel Corp., 446 U.S. 740, 752 (1980)).

The road collision giving rise to plaintiff's negligence claim occurred on August 6, 2014. (Docket 1 at p. 2). Under South Dakota law, the three-year statute of limitations accrued on that date. See SDCL § 15-2-14 (providing that "an action for personal injury" "can be commenced only within three years after the cause of action shall have accrued"). To be timely, plaintiff must have "commenced" his lawsuit on or before August 6, 2017. See id.

"[S]tate law determines when an action is *commenced* in order to compute the statute of limitations." Percoraro v. Diocese of Rapid City, No. CIV 04-5105, 2005 WL 6111625, at *5 (D.S.D. Mar. 10, 2005) (emphasis added) (internal quotation marks omitted) (citing Fischer v. Iowa Mold Tooling Co., 690 F.2d 155 (8th Cir. 1982)), aff'd sub nom. Pecoraro v. Diocese of Rapid City, 435

F.3d 870 (8th Cir. 2006). SDCL § 15-2-31 determines when an action commences:

> An attempt to commence an action is deemed equivalent to the commencement thereof when the summons is delivered, with the intent that it shall be actually served, to the sheriff or other officer of the county in which the defendants or one of them, usually or last resided; or if a corporation be defendant, to the sheriff or other officer of the county in which such corporation was established by law, or where its general business was transacted, or where it kept an office for the transaction of business. Such an attempt must be followed by the first publication of the summons, or the service thereof, within sixty days.

This means plaintiff's lawsuit is timely if, on or before August 6, 2017, the summons was delivered with the intent of service to the sheriff or other officer in each defendant's applicable county.

"[T]he [United States] Supreme Court, in Walker v. Armco Steel Corp., 446 U.S. 740, 744-53 (1980), held that a federal district court must apply state law that, for statute of limitations purposes, deems an action commenced only when service is made." Sieg v. Karnes, 693 F.2d 803, 804-05 (8th Cir. 1982) (portion of citation omitted); see Fischer, 690 F.2d at 157. Plaintiff asserts the court should assess whether this principle from Sieg and Fischer "truly comports with due process[.]" (Docket 25 at p. 12). The implication of plaintiff's argument is that Rule 3 of the Federal Rules of Civil Procedure should apply instead of state law. Id. at pp. 12-14. Under Rule 3, "[a] civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Since plaintiff filed his lawsuit before August 6, 2017, he prefers Rule 3 because it would not mandate dismissal of his complaint based on the statute of limitations.

7

In discussing <u>Walker</u>, 446 U.S. at 744-53, the Eighth Circuit clearly stated its position on the relationship between Rule 3 and state law:

> On at least two occasions, this court has elucidated *Walker's* resolution of this issue, once explaining, "*Walker v. Armco Steel* has laid to rest the notion that [Federal] Rule 3 can ever be used to toll a state statute of limitations in a diversity case arising under state law." *Fischer v. Iowa Mold Tooling Co.,* 690 F.2d 155, 157 (8th Cir. 1982). In *Sieg v. Karnes,* 693 F.2d 803, 805 (8th Cir. 1982) (citation omitted), this court reiterated that, "*Walker v. Armco Steel Corp.* held that a federal district court must apply state law that, for statute of limitations purposes, deems an action commenced only when service is made."

<u>Walker v. Thielen Motors, Inc.</u>, 916 F.2d 450, 451 (8th Cir. 1990). "Under principles of stare decisis, decisions of the Eighth Circuit Court of Appeals have precedential value and must be followed by the district courts within the Eighth Circuit." <u>United States v. Swan</u>, 327 F. Supp. 2d 1068, 1071 (D. Neb. 2004). Despite plaintiff's general argument on due process, the court must apply South Dakota law to determine when plaintiff's action commenced. See <u>Young v. Klusken</u>, No. CIV 11-4056, 2012 WL 1090539, at *2 (D.S.D. Mar. 30, 2012) ("The Eighth Circuit has held that <u>Walker v. Armco Steel Corp.</u>, 446 U.S. 740 (1980), requires that if a state rule requires service of a summons to commence an action, the state rule and not Fed. R. Civ. P. 3, which requires filing to commence an action, applies for purposes of determining compliance with the statute of limitations.").

Consequently, the critical issue is: when did plaintiff achieve service under South Dakota law? Plaintiff does not dispute defendants' account of

8

when service was made for each defendant. Based on defendants' filings, each defendant was served as follows:

- The process server received the summons for Mr. John on August 9, 2017, and he was served on September 11, 2017.

- The process server received the summons for Sugar Creek on August 9, 2017, and it was served on August 22, 2017.

- The process server received the summons for Weber and Mr. Muehlich on August 10, 2017, and they were served on August 12, 2017.

(Docket 15 at pp. 4-5); see also Dockets 5, 6, 11 & 12. All of those dates come after August 6, 2017, the last day for plaintiff to commence his suit within the three-year statute of limitations. Based on these dates alone, the statute of limitations mandates dismissal of plaintiff's complaint. See SDCL §§ 15-2-14 & 15-2-31. Plaintiff argues, however, the doctrine of equitable tolling saves his case.

### b. Equitable tolling

Despite commencing his lawsuit after the statute of limitations expired, plaintiff asserts the court should find the doctrine of equitable tolling permits his suit to move forward. (Docket 25 at pp. 5-12). The South Dakota Supreme Court has "consistently required strict compliance with statutes of limitation." Citibank, N.A. v. S. Dakota Dep't of Revenue, 868 N.W.2d 381, 385 (S.D. 2015). "A defense based on a statute of limitations is meritorious and should not be regarded with disfavor." Eagleman v. Diocese of Rapid City, 862 N.W.2d 839, 850 (S.D. 2015) (internal quotation marks and alterations omitted). "Statutes of limitation ensure a speedy and fair adjudication of the rights of the parties.

9

In most cases, this important principle underlining the statute of limitations is appropriately advanced by refusing to judicially modify the harsh effect imposed by a statute of limitations." Citibank, 868 N.W.2d at 385 (internal quotation marks, alterations and citations omitted).

"[T]he doctrine of equitable tolling permits a plaintiff to bring a suit after the expiration of the statute of limitations when inequitable circumstances have prevented the plaintiff from timely initiating suit. However, the doctrine is limited to situations where extraordinary circumstances, truly beyond the plaintiff's control, exist to prevent timely filing." Stern Oil Co. v. Border States Paving, Inc., 848 N.W.2d 273, 279-80 (S.D. 2014) (internal quotation marks, alterations and citations omitted). "The threshold for consideration of equitable tolling is inequitable circumstances not caused by the plaintiff that prevent the plaintiff from timely filing." Anson v. Star Brite Inn Motel, 788 N.W.2d 822, 826 (S.D. 2010). For plaintiff to prevail on the issue of equitable tolling, he must meet three requirements: "(a) timely notice, (b) lack of prejudice to the defendant, and (c) reasonable and good-faith conduct on the part of the plaintiff." Dakota Truck Underwriters v. S. Dakota Subsequent Injury Fund, 689 N.W.2d 196, 202 (S.D. 2004) (internal quotation marks omitted); see Pecoraro, 435 F.3d at 875 (interpreting South Dakota law and articulating the same standard). "When an extraordinary circumstance prevents a plaintiff from bringing a timely action, the restriction imposed by the statute of limitations does not further the statute's purpose." Pitt-Hart v. Sanford USD Med. Ctr., 878 N.W.2d 406, 414 (S.D. 2016) (internal quotation marks and

alterations omitted). "[T]he doctrine has been applied where a party acts diligently, only to find himself caught up in an arcane procedural snare." Stern Oil, 848 N.W.2d at 280 (internal quotation marks omitted).

Plaintiff's equitable tolling argument turns on whether he can demonstrate "reasonable and good-faith conduct" sufficient to trigger equitable tolling. See Dakota Truck, 689 N.W.2d at 202. According to plaintiff, several aspects of this case[2] support finding he meets this element. (Docket 25 at pp. 10-12). Plaintiff highlights that the parties engaged in discovery before plaintiff filed a lawsuit, and they attempted to resolve the dispute through mediation. Id. at p. 10 (citing Docket 26-1). Eventually, plaintiff's Oklahoma counsel began working with South Dakota counsel, who informed Oklahoma counsel of South Dakota's three-year statute of limitations. Id. On this point, plaintiff asserts, "Plaintiff's Oklahoma counsel had even performed his own research to ensure the accuracy of the three (3) year statute of limitation, and having read the statute, saw nothing referencing a requirement to serve the same within three (3) years because the statute governing the limitation of this action is found separate and apart from the statutes dealing with 'commencement' and the requisite service." Id. at p. 11. Plaintiff concludes, "[f]or an out-of-state litigant, the arrangement of these statutes forms a

---

[2]Plaintiff relies on materials beyond "the pleadings themselves, materials embraced by the pleadings, exhibits attached to the pleadings, and matters of public record." Roe, 861 F.3d at 788. Defendants do not argue against this, so the court will consider the materials as necessary. Cf. id. ("Roe does not argue that it was improper for the court to rely on his public testimony, so we consider the transcript as part of the record of the motion.").

11

'procedural snare,' especially when filing the claim in Federal Court where Federal Rule of Civil Procedure 3 would typically govern the issue." Id.

Defendants contend plaintiff does not establish "reasonable and good-faith conduct[.]" (Docket 27 at p. 2). Defendants point out this court held "[i]mprudent legal practice is not reasonable conduct and would not invoke equitable tolling." (Docket 27 at p. 2) (quoting Pecoraro, 2005 WL 6111625, at *7) (citing South Dakota law).

The court finds plaintiff fails to make the "threshold" showing of "circumstances not caused by [him] that prevent[ed him] from timely filing." Anson, 788 N.W.2d at 826. The facts plaintiff advances to support his equitable tolling argument relate to circumstances within his control. (Docket 25 at pp. 10-12). Although plaintiff did not have control on what law would apply to determine when his lawsuit commenced, finding that legal principle was in his control. It is evident from the discussion above that many cases set forth clear analysis on what law applies for determining when a suit commences. See Walker, 916 F.2d at 451; Sieg, 693 F.2d at 804-05; Fischer, 690 F.2d at 157.

Even if plaintiff made the threshold showing, he fails to demonstrate "reasonable and good-faith conduct" justifying the timing of his lawsuit. Dakota Truck, 689 N.W.2d at 202. The core of plaintiff's argument is that "[f]or an out-of-state litigant, the arrangement of these statutes [on when a lawsuit commences] forms a 'procedural snare,' especially when filing the claim in Federal Court, where Federal Rule of Civil Procedure 3 would typically govern

the issue." (Docket 25 at p. 12). Plaintiff's argument on this issue is unavailing because "imprudent legal practice is not reasonable conduct and [does] not invoke equitable tolling." AEG Processing Ctr. No. 58, Inc. v. S. Dakota Dep't of Revenue & Regulation, 838 N.W.2d 843, 850 (S.D. 2013). Failing to conduct thorough legal research does not excuse filing a lawsuit after the statute of limitations expires. See id. Plaintiff also asserts he meets this equitable tolling requirement based on the parties' pre-litigation discovery, attempted mediation and plaintiff's choice to work with South Dakota counsel. (Docket 25 at pp. 10-12). While that may be evidence of acting diligently, plaintiff did not "find himself caught up in an arcane procedural snare." Stern Oil, 848 N.W.2d at 280  This is not a case where "an extraordinary circumstance prevents a plaintiff from bringing a timely action[.]" Pitt-Hart, 878 N.W.2d at 414.

The court finds the statute of limitations requires dismissal of plaintiff's complaint with prejudice. See Johnson v. Mott, 376 Fed. Appx. 641, at *1 (8th Cir. 2010) (unpublished) ("However, we agree with the district court's statute-of-limitations analysis, and we hold that the dismissal with prejudice was appropriate under Federal Rule of Civil Procedure 12(b)(6)."); Bell v. Missouri, 253 Fed. Appx. 606, at *1 (8th Cir. 2007) (unpublished).

### III. Plaintiff's motion

The court mentioned above that plaintiff filed motion for voluntary dismissal based on Rule 41(a)(2). (Docket 20). The court must deny that motion. Because defendants have a statute of limitations defense to plaintiff's

13

claim, it would be an abuse of discretion to grant plaintiff's motion and subject defendants to legal prejudice.  See W.R. Grace, 999 F.2d at 1263 ("We would consider it an abuse of discretion for a district court to find no legal prejudice, and thus to grant voluntary dismissal, where the non-moving party has demonstrated a valid statute of limitations defense to the claims sought to be dismissed.").

**ORDER**

Based on the above analysis, it is

ORDERED that defendants' motion to dismiss (Docket 14) is granted.

IT IS FURTHER ORDERED that plaintiff's motion for voluntary dismissal (Docket 20) is denied.

IT IS FURTHER ORDERED that plaintiff's complaint (Docket 1) is dismissed with prejudice.

Dated February 28, 2018.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE